# Reinhart *v*. Griffin Manufacturing Company, Appellant.

*Negligence — Master and servant — Duty to instruct — Minor plaintiff—Case for jury.*

In an action by a seventeen year old girl plaintiff against her employer to recover damages for personal injuries sustained while operating a steel press the case is for the jury and a verdict and

judgment for the plaintiff will be sustained where it appears that the plaintiff was directed by the assistant foreman of the shop in which she was employed to operate the press in question, of the operation of which she had no knowledge; that her duty consisted in feeding pieces of metal to the press and causing it to operate by pressure upon a foot lever; that the only instruction she was given was for a period of five minutes by a foreman who spoke broken English and was at times very difficult to understand and she was then left without further instruction and without further watching her operation to see that she had gained sufficient knowledge of the machine to properly and safely operate it; that the foreman had instructed her to remove the pieces of metal from the press by hand when necessary; and that while she was attempting to do so the press repeated and caused her injury.

Argued April 26, 1915.   Appeal, No. 15, Jan. T., 1915, by defendant, from judgment of C. P. Erie Co., Sept. T., 1913, No. 257, on verdict for plaintiff in case of Lottie Reinhart by Katherine Nochwitz, her Mother and Next Friend, and Katharine Nochowitz, v. Griffin Manufacturing Company.   Before MESTREZAT, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass for personal injuries.

The facts appear in the following opinion of BENSON, J., sur defendant's motion for a new trial and for judgment n. o. v.

Lottie Reinhart, a girl of about the age of seventeen years, was employed by the defendant company in their shop in the City of Erie, Pennsylvania.   She entered the employ of the defendant on or about the 4th day of February, 1913, and was set to work on a machine where she worked during the days of February 4th and 5th. She finished the work on this machine about ten o'clock in the morning of the 6th day of February, and was then directed by the assistant foreman to operate another machine, of the operation of which she had no knowledge, or means of knowledge.

The machine was what is termed a column type of

press and was used by the defendant to offset or roll the joint on door hinges. The lower or stationary part of the press was a steel plate with a groove extending across it into which the joint of the hinge was pressed in the process of offsetting by the die which was attached to the upper or movable part of the press, termed the plunger. The plunger or movable part of the press, when not in use, was automatically locked when at its highest position and was set in motion by pressing a foot pedal, which released the dog or catch, throwing in the clutch and causing the plunger to descend upon the plate to offset the hinge.

It was the duty of the operator, when the plunger was locked, to place the butt or hinge upon the plate with the joint over the groove, to then release the machine with her foot, causing the plunger to descend upon the hinge and press it into the shape desired; to then remove her foot from the pedal when the plunger would again rise and automatically lock. The finished hinge or butt was then removed from the plate and another placed in position, and the operation repeated.

According to the testimony of the plaintiff, the assistant foreman, Vincent Martinelli, a person who spoke very broken English and at times very difficult to understand, spent about five minutes in instructing the plaintiff, Lottie Reinhart, in the operation and use of the machine and then left her without further instruction and without further watching her operation to see that she had gained sufficient knowledge of the machine to properly and safely operate it. Her testimony upon that point is as follows:

"He took me to the machine and he sat down by the machine and put his foot on the lever and showed me how to do it. And showed me how to put the hinges in, five or six hinges, and two hinges stuck on him,—the third one stuck on him and he couldn't shove it out with the stick and he used his hand. And I says, 'Vincent,

must I use my hand?' and he says, 'Yes, if you can't shove it out with the stick, use your hand.' "

Lottie Reinhart continued to operate the machine during the morning of February 6th, about two hours, and began again at one o'clock. About three o'clock in the afternoon, according to her testimony, a hinge became displaced and was cut partly in two by the plunger and in some way became fastened or stuck in the machine in such a way that she was unable to remove it with the stick furnished her for that purpose. When she attempted to remove it with her hand, the plunger repeated and descended, catching her left hand and wrist between the plunger and the plate and so completely mangled it as to leave her left hand and wrist in a stiffened condition and practically of no use to the plaintiff.

The plaintiff brought suit to recover damages averring negligence on the part of the defendant which resulted in the injury, in that the defendant had not given sufficient instruction to the plaintiff to properly and safely operate the machine, and in failing to point out to her the peculiar dangers incident to the operation of the same.

It is a matter of common knowledge that it is difficult to acquire a proper co-ordination or use of both hands and feet where both are necessary to the successful operation of a machine, and that considerable instruction and practice is necessary to become sufficiently proficient to operate a dangerous machine of this character.

It therefore became purely a question of fact for the jury to determine from all the evidence in the case, whether sufficient instruction was given to the plaintiff, and also as to whether or not it was the duty of the foreman or some other experienced person on behalf of the defendant, to have watched over the operation of the plaintiff to further instruct and direct her how to operate the machine until she developed sufficient skill and knowledge of the operation and use of the machine as to

be able to handle it with safety to herself. And the extent of the instruction that should be given to a girl of seventeen years of age who had had no experience whatever in operating such a machine is, in our opinion, a question for the jury, especially where as in this case, the instructions were given by a person who spoke English so brokenly that it was difficult to understand him when giving his testimony as a witness in court. The duty of the defendant in this respect is very clearly set forth by Justice DEAN in Tagg v. McGeorge, 155 Pa. 368, as follows:

"When young persons without experience are employed to work with dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them, and warning as to the hazard of carelessness in their use; if the employer neglects this duty or if he give improper instruction he is responsible for the injury resulting from his neglect of duty."

Verdict for Lottie Reinhart for $2,700 and for Katherine Nochowitz for $700 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing defendant's point for binding instructions and in refusing defendant's motion for judgment non obstante veredicto.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* with him *J. M. Force,* for appellant.

*John B. Brooks,* with him *Monroe Echols* and *Charles H. English,* for appellees.

PER CURIAM, May 10, 1915:

The judgment is affirmed on the opinion of the learned court below discharging the rule to show cause why judgment should not be entered for the defendant non obstante veredicto.